# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA MARQUEZ HERNANDEZ, ITZEL MARQUEZ HERNANDEZ, by and through her next friend Luis Marquez, and ADRIANA ROMERO, by and through her next friend Alejandra Castillo, | CASE NO. 4:14CV3178 |
| Plaintiffs, | MEMORANDUM AND ORDER REMANDING ACTION |
| v. | |
| DAVE HEINEMAN, Governor of Nebraska, in his official capacity, NEBRASKA DEPARTMENT OF MOTOR VEHICLES, and RHONDA LAHM, Director of the Nebraska Department of Motor Vehicles, in her official capacity, | |
| Defendants. | |

This matter is before the Court on the Findings and Recommendation (Filing No. 27) of Magistrate Judge Gossett, in which he recommends that the Plaintiffs' Amended Motion to Remand (Filing No. 15) be granted, and this matter be remanded to the District Court of Lancaster County, Nebraska, for further proceedings. For the reasons set out below, the Court concludes that the Findings and Recommendation should be adopted; the Amended Motion to Remand should be granted; and this matter should be remanded to the District Court of Lancaster County, Nebraska.

This Court has reviewed and considered the Defendants' Notice of Removal (Filing No. 1), the record of proceedings in the District Court of Lancaster County, Nebraska (Filing No. 1-1), the Defendants' Answer (Filing No. 6), the Plaintiffs' Amended Motion to Remand (Filing No. 15), the Defendants' Brief in Opposition to Amended Motion to Remand (Filing No. 16), the Plaintiffs' Reply Brief (Filing No. 17), Magistrate Judge Gossett's Findings and Recommendation (Filing No. 27), the Defendants' Objection (Filing

No. 28) and Motion for Hearing and Oral Argument (Filing No. 29), and the Plaintiffs' Response (Filing No. 30).

Following *de novo* review, pursuant to Fed. R. Civ. P. 72(b)(3), the Court accepts Magistrate Judge Gossett's Findings and Recommendation, and incorporates herein by reference his summary of the background of this case and his discussion of the applicable law.

Defendants' objection to the Magistrate Judge's Findings and Recommendation centers on a single issue: Does the resolution of one of the Plaintiffs' four state-law causes of actions depend on the meaning of a term of art under federal immigration law, such that the claim necessarily raises a "federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,* 545 U.S. 308, 312 (2005). Specifically, the Defendants contend that the term "lawful status" must be construed and defined in the context of the federal Department of Homeland Security's Deferred Action for Childhood Arrivals ("DACA") program as part of the threshold analysis of Plaintiffs' state-law equal protection claim.

In the Plaintiffs' equal protection claim, contained in their Fourth Cause of Action, they seek certain relief under Nebraska law, *inter alia,* a declaration that the Defendants' policy of denying driver's licenses to DACA recipients is in violation of the equal protection clause of Article I, section 3, of the Nebraska Constitution. (Filing No. 1-1 at ECF 59-60.) The Plaintiffs allege that the Defendants are permitting other similarly situated persons to obtain drivers licenses in a manner that is "arbitrary, unreasonable, motivated by an improper purpose, and lack[ing] a rational relationship to any legitimate state interest." (*Id.* at ECF 59.)

This Court cannot conclude that Plaintiffs' claim *necessarily* raises a federal issue at all, let alone one that is disputed and substantial.

Defendants assert that this Court recently addressed a "virtually identical equal protection challenge" in *Saldana v. Lahm*, No. 4:13CV3108.  (Defendants' Brief, Filing No. 28 at 3.)  Defendants contend that, in *Saldana*, this Court "concluded that an equal protection claim of the sort Plaintiffs brought necessarily depends on the resolution of the meaning of the term 'lawful status,' a *federal* term of art."  (*Id.* at 3-4, emphasis in original.)

In *Saldana*, the plaintiff had DACA deferred action status, an employment authorization document ("EAD"), and a Social Security number.  Nonetheless, she was denied a driver's license by defendant Rhonda Lahm, the Director of the Nebraska Department of Motor Vehicles ("Lahm").  Initially, this Court declined to dismiss Saldana's federal equal protection claim, because Saldana alleged that Lahm issued driver's licenses to similarly situated persons with non-DACA deferred action status.  Later in the proceedings, however, the uncontroverted evidence showed:

> DMV issues driver's licenses and state identification cards only to persons with lawful status in the United States, as determined by the federal government and verified through the Systematic Alien Verification for Entitlements ("SAVE") Program, administered by the United States Citizenship and Immigration Services ("USCIS"), an agency of the U.S. Department of Homeland Security.  Lahm and DMV rely solely on the SAVE database to determine whether a non-citizen applicant has lawful status in the United States, and they do not differentiate between different categories of persons with deferred action status.

*Saldana v. Lahm*, Case No. 4:13cv3108, Filing No. 48, filed on February 12, 2014, at ECF 3-4.

In *Saldana*, this Court did not determine that an equal protection claim of the sort brought by the plaintiff necessarily depended on the resolution of the meaning of the term

3

"lawful status."  The Court simply found that Saldana did not demonstrate that Lahm treated non-DACA deferred action recipients more favorably than DACA deferred action recipients.  Accordingly, Saldana did not demonstrate that she was treated less favorably than similarly situated driver's license applicants.  *Id.* at ECF 7.

In the case at hand, the facts presented may differ from those in *Saldana*.  The classifications of persons whom the Plaintiffs claim are similarly situated to the Plaintiffs and afforded favorable treatment also may differ from those named in *Saldana*. Regardless, this Court cannot conclude that the Plaintiffs' equal protection claim raises a substantial federal issue, actually disputed, which must be entertained before the Plaintiffs' claim can be resolved. Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 27) are adopted in their entirety;

2. The Defendants' Objections to Magistrate Judge's Findings and Recommendation (Filing No. 28) and Motion for Hearing and Oral Argument on the State's Objections to Magistrate Judge's Findings and Recommendation (Filing No. 29) are denied;

3. The Plaintiffs' Amended Motion to Remand (Filing No. 15) is granted in part, consistent with the Magistrate Judge's Findings and Recommendation;

4. All other pending motions are terminated as moot; and

5. This matter is remanded to the District Court of Lancaster County, Nebraska, for further proceedings.

DATED this 19th day of December, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge